**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THE BEVILL COMPANY, INC.,

Plaintiff-Appellant,

v.

SPRINT/UNITED MANAGEMENT
COMPANY,

Defendant-Appellee.

No. 04-3401
(D.C. No. 01-CV-2524-CM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HARTZ** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff, The Bevill Co., Inc., appeals from a district court order granting

summary judgment to defendant Sprint/United Management Co. on the ground

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that under the terms of the agreement between the parties, Sprint could terminate its contract with Bevill at Sprint's convenience. We exercise jurisdiction under 28 U.S.C. § 1291. Because we determine the contract to be ambiguous, we reverse and remand for further proceedings.

Bevill and Sprint entered into a Master Services Agreement (MSA) and a Contract Order as part of a single set of documents. The MSA provided that Bevill would provide internet services to certain military bases where Sprint was providing telephone services. Part E of the Contract Order is entitled "Acceptance Procedures." It provides that after a three-month trial period, the parties would meet to review program performance and, if necessary, would work together to form a written cure plan to bring the program into compliance. Sprint allegedly terminated the contract rather than work with Bevill to produce a cure plan.

The dispute between the parties focuses on the contractual terms relating to termination of their relationship. One such term appears in the "Acceptance Procedures" provision. The last sentence of the provision states: "If the parties are unable, after all due effort, to reach agreement on the cure plan or the future direction of the program, Sprint reserves the right to unilaterally terminate the program under section 4 of [the MSA]." Aplt. App., Vol. 1 at 98. Part F of the Contract Order, entitled "Term and Termination," immediately follows that

sentence. It states: "The term of this Contract Order begins on August 1, 2000 and ends October 31, 2008. This Contract Order may be terminated in accordance with the [MSA]." *Id.* The termination provisions of the MSA appear in Part 4.0, also entitled "Term and Termination." Section 4.1 sets forth the term of the MSA. Section 4.2, entitled "Termination for Convenience," permits Sprint to terminate the MSA, Contract Order, or both at any time without liability by providing notice. Unless the notice provides otherwise, termination is effective 10 days after the date of the notice. Section 4.3 permits either party to terminate for cause if one party believes the other has materially breached the MSA or Contract Order. Under the termination-for-cause provision, the party giving notice of the breach can terminate the contract if the breaching party does not cure within 30 days. Section 4.4 provides for termination if the control of Bevill changes, and § 4.5 provides for termination if the control of Sprint changes. Part I of the Contract Order and § 18.15 of the MSA both provide that if there is a conflict between the MSA and the Contract Order, the Contract Order controls.

Sprint sent Bevill notice that it was terminating for convenience. Bevill then filed a complaint for breach of contract in the district court. Sprint moved for summary judgment on the ground that the contract provided for termination for convenience by Sprint at any time and without liability. Bevill responded that Sprint could not unilaterally terminate for convenience but had to comply with the

Contract Order Acceptance Procedures. If Sprint could terminate for convenience, Bevill argued, the Acceptance Procedures were meaningless. Sprint countered that the Acceptance Procedures did not specifically override the termination-for-convenience provision and that termination for convenience should be considered an alternative means of proceeding with termination. According to Sprint, "This is consistent with the coexistence of termination for convenience and termination for cause provisions in the contract." *Id.*, Vol. II at 146.

The district court granted Sprint's motion for summary judgment. It decided "as a matter of law that the [MSA] as written gives [Sprint] the absolute right to terminate the agreement 'without liability' and 'at any time,' subject only to the notice requirement which was fulfilled here." *Id.*, Vol. I at 37. Even though the court recognized that the Contract Order would prevail if there was a conflict with the MSA, the court ruled that the MSA termination language did not conflict with the Acceptance Procedures in the Contract Order. The court viewed the Acceptance Procedures as an alternative because they did "not expressly p[ur]port to remove or revoke the termination for convenience provision," the termination-for-cause provision immediately followed the termination-for-convenience provision, and the termination-for-convenience language was clear. *Id*. at 37-39.

Thereafter, Bevill filed a motion to alter or amend the judgment. The district court denied the motion. This appeal followed.

"We review the district court's grant of summary judgment de novo, applying the same legal standard [to be] used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The district court appropriately grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

The parties agree that Kansas law applies. "In interpreting a contract, the primary role of the court is to ascertain and effectuate the parties' intentions where possible." *Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1044 (10th Cir. 2004) (applying Kansas law). "In Kansas, extrinsic evidence is not admissible if the intent of the parties in the contract is clearly ascertainable from the 'four corners' of the document." *City of Wichita v. Sw. Bell Tel. Co.*, 24 F.3d 1282, 1287 (10th Cir. 1994). All contract provisions

are construed together, "in harmony rather than in isolation." *Decatur County Feed Yard, Inc. v. Fahey*, 974 P.2d 569, 574 (Kan. 1999).

Our disagreement with the district court is that we do not believe that the intent of the parties is "clearly ascertainable from the 'four corners' of the" MSA and Contract Order. *City of Wichita*, 24 F.3d at 1287. Both the MSA and Contract Order provide that the terms of the Contract Order prevail over those of the MSA if they conflict. The Acceptance Procedures state that "[i]f the parties are unable, after all due effort, to reach agreement on the cure plan or the future direction of the program, Sprint reserves the right to unilaterally terminate the program under section 4 of [the MSA]." Aplt. App., Vol. I at 98. The natural inference is that if Sprint has not exerted "all due effort" (and Bevill has) to reach an agreement with Bevill, then Sprint cannot unilaterally terminate under section 4. Otherwise, there would be no purpose to the clause preceding the language "Sprint reserves the right to unilaterally terminate the program under section 4."

On the other hand, the second sentence of the provision immediately following the above-quoted sentence states: "This Contract Order may be terminated in accordance with the Agreement." *Id*. On its face this incorporates into the Contract Order the Termination for Convenience provision of the MSA. Again, however, such a reading would seem to render surplusage the language in

-6-

the Acceptance Procedures that apparently sets a condition on unilateral termination by Sprint.

We cannot say with confidence that the parties clearly intended to permit Sprint to invoke the Termination for Convenience provision without exerting the effort required by the Acceptance Procedures. The contract is ambiguous on this score. That ambiguity must be resolved by further proceedings below.

Bevill raises several other arguments on appeal. In light of our decision to reverse and remand, we need not reach those arguments. The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.

Entered for the Court


Harris L Hartz
Circuit Judge